UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Andre D. Muhammad,

                              Plaintiff,

                                                                        **Hon. Hugh B. Scott**

                                                                            09CV639A

                          v.

                                                                            **Report &**
                                                                            **Recommendation**

Lester Wright et al.,

                              Defendants.
_____

      Before the Court is the defendant's motion for summary judgment . (Docket No. 94).

      The plaintiff, Andre D. Muhammad ("Muhamad"), commenced this action on July 15, 2009, alleging that the defendants violated his civil rights by denying him medical treatment while incarcerated at various correctional facilities. Muhammad states that while he was incarcerated at the Auburn Correctional Facility in 2006, he was diagnosed with a squamos cell carcinoma. (Docket No. 1 at page 6). He asserts that this diagnoses should have been made three years earlier. (Docket No. 1 at page 7). Also, the plaintiff claims that while he was incarcerated at the Gowanda Correctional Facility in 2004 he needed "TMJ treatment and possible orthodontics to correct a malocclusion as the result of a car accident." (Docket No. 1 at ¶ 17).

Muhammad asserts that his TMJ condition existed as far back as 1999. (Docket No. 1 at ¶18). In 2004, according to the plaintiff, he requested "outside Orthodontics treatment" but was denied. (Docket No. 1 at ¶ 19).

At a conference with the plaintiff and defense counsel on September 27, 2013, the defendants advised that they intended to file a motion for summary judgment. At that time, the Court entered a schedule for the filing of a summary judgment motion and the plaintiff's response to that motion. The plaintiff was advised in bold capital letters, underlined for emphasis, that if he failed to respond to the motion, the complaint could be dismissed based uon his failure to prosecute. (Docket No. 92). The defendants filed a motion for summary judgment on November 25, 2013. (Docket No. 94). The plaintiff requested the appointment of counsel. (Docket No. 97). The Court denied the plaintiff's request for the appointment of counsel[1] and reminded the plaintiff that his response was due on January 15, 2014. The Court again advised the plaintiff that the complaint would be dismissed based upon his failure to prosecute if he failed to submit a response to the motion for summary judgment. Finally, the Court referred the plaintiff to Irby v. New York City Transit Authority, 262 F.3d 412 (2d. cir. 2001) for guidance in responding to the motion. (Docket No. 98). On January 6, 2014, the plaintiff filed a motion for an extension of time to respond. (Docket No. 99). The Court granted the plaintiff an extension of several months, until April 15, 2014, to respond to the motion for summary judgment. (Docket No. 100). For the *third time*, the Court warned the plaintiff that a failure to respond to the motion

---

[1] The plaintiff had been represented by *pro bono* Counsel during much of the pretrial proceedings in this matter. Plaintiff's counsel made a motion to withdraw, which was granted by Magistrate Judge Jeremiah J. McCarthy. (Docket No. 82). Subsequently, Magistrate Judge McCarthy recused himself and the case was then referred to the undersigned.

would result in the dismissal of the complaint based upon a failure to prosecute the case. Further, the Court again referred the plaintiff to Irby and attached guidance from Irby to the Order. (Docket No. 100 at page 3). The Docket reflects that the Court's Order was mailed to the plaintiff at the last address provided to the Court by the plaintiff, but that the January 8, 2014 Order was returned to the Court as undeliverable. As of August 1, 2014, the plaintiff has made no further attempt to respond to the motion for summary judgment or to otherwise contact the Court with respect to this matter.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court. See Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). Although dismissal is a "harsh remedy that should be utilized only in extreme situations," Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir.1982). The Second Circuit has articulated five factors that it uses to review whether a court has properly dismissed a case for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether

the defendant or defendants were likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. Lewis, 564 F.3d at 576. "In analyzing the factors, the court reviews the record as a whole...." Toliver v. Comm'r of N.Y.C. D.O.C., 2011 WL 5242643, at *3 (S.D.N.Y. Nov.3, 2011). In general, "[n]o one factor is dispositive" in determining whether dismissal is warranted. Lewis, 564 F.3d at 576 (alteration in original) (citation and internal quotation marks omitted). As described below, all the factors militate in favor of dismissal.

A. Delay of Significant Duration

The plaintiff has failed to respond to the motion for summary judgment which was filed in November of 2013. The delay caused by the plaintiff's failure to respond has extended for more than 8 months. The delay in this action is entirely attributable to the plaintiff.

While there is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal (Cain v. Simon & Schuster, 2013 WL 1608620, at *3 (S.D.N.Y. Apr.15, 2013)); delays of several months have been found to warrant dismissal. Cain, 2013 WL 1608620, at *3 (delays of "five to eight months are usually sufficient" to weigh in favor of dismissal) (citing Davis v. Rowe, 2011 WL 3159133, at *2 (N.D.N.Y. July 26, 2011)); see also Antonio v. Beckford, 2006 WL 2819598, at *2 (S.D.N.Y. Sept.29, 2006)(plaintiff's failure to comply with court deadline for more than four months favored dismissal); Lopez v. Catholic Charities of Archdiocese of N.Y., 2001 WL 50896, at *3–4 (S.D.N.Y. Jan.22, 2001) (dismissing where plaintiff failed to advance claim for a period of three

months, violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences). Courts have found dismissal appropriate for even shorter delays when a party has become completely inaccessible, as inaccessibility "strongly suggests that [plaintiff] is not diligently pursuing [his] claim." Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar.2, 2004) (citing Hibbert v. Appel, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000)) (dismissing when plaintiff inaccessible for two months). Here, the delay caused by the plaintiff's failure to respond has extended for more than eight months. Further, the plaintiff has failed to provide the Court with an address at which he can be contacted. Accordingly, the duration of the delay weighs heavily in favor of dismissal.

B. Notice that Further Delays Would Result in Dismissal

Prior to dismissal, a court is generally expected to provide warnings that further delay or non-compliance could lead to dismissal, see Lucas v. Miles, 84 F.3d 532, 535-36 (2d. Cir. 1996) (reversing where district court did not warn that dismissal could result from non-compliance), but this is not an absolute requirement, Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so...."). In any event, here the Court advised the plaintiff *on three occasions* that his failure to respond to the motion for summary judgment would result in the dismissal of the complaint. (Docket Nos. 92, 98 and 100).  Notwithstanding this language, and the Irby notices provided to the plaintiff, Muhammad failed to respond to the motion for summary judgment. The plaintiff was adequately advised that his failure to respond would result in dismissal under Rule 41.

5

C. Prejudice to Defendant Resulting from Further Delays

The third factor requires an assessment of whether the "defendant was likely to be prejudiced by further delay." Lewis, 564 F.3d at 576 (citation and internal quotation marks omitted). A rebuttable presumption that a defendant was prejudiced may arise where "the delay was lengthy and inexcusable." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 256 (2d. Cir. 2004). However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." Lyell Theatre Corp., 682 F.2d at 43 (citations omitted).

As noted above, the plaintiff's failure to respond has caused this matter to be delayed for eight months. The plaintiff has also failed to provide the Court with an address at which he may be contacted in connection with this matter. Because of this conduct, the resolution of this case has been substantially delayed. The Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart v. City of New York, 992 F.2d 458, 462 (2d Cir.1993) (quoting Lvell Theatre, 682 F.2d at 43).

D. Balance Between Calendar Congestion and the Opportunity to be Heard

Under the fourth factor, a court considers "the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." Norden Sys., Inc., 375 F.3d at 257 (citation omitted). The Second Circuit has cautioned that " '[a] court must not let its zeal for a tidy calendar overcome its duty to do justice.'" Outley v. City of N.Y., 837 F.2d 587, 589 (2d Cir.1988) (quoting Winston v. Prudential Lines, Inc., 415 F.2d 619, 621 (2d Cir.1969), cert. denied, 397 U.S. 918 (1970)); see also Lucas, 84 F.3d at 535–36 ("There must be compelling

evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."). Nonetheless, "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" may require a district court to dismiss a case pursuant to Rule 41(b). Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir.1980) (internal parentheses omitted); accord Yacub v. Coughlin, 105 F.R.D. 152, 153 (S.D.N.Y.1985) ("The court cannot permit this litigant, or any litigant, to abuse its scarce resources while many others, desirous and deserving of relief, must patiently await their turn.").

The plaintiff has made no effort to prosecute this action for several months. "It is not an efficient use of the Court's or defendant['s] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Davison v. Grillo, 2006 WL 2228999, at *2 (E.D.N.Y. Aug.3, 2006); accord Blake, 2011 WL 7163172, at *2. Under the circumstances, the Court's need for orderly case administration clearly outweighs plaintiffs' interest, if any, in this litigation. See Carlisle v. United States, 517 U.S. 416, 426, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); Palmieri v. Defaria, 88 F.3d 136, 140 (2d Cir.1996) (authority necessary to manage affairs to achieve the orderly and expeditious disposition of cases); see also Lukensow v. Harley Cars, 124 F.R.D. 64, 66 (S.D.N.Y.1989) ("It is not the duty of the Court ... to contact plaintiffs and to urge or require them to prosecute this action....").

E. Consideration of Lesser Sanctions

The final factor pertains to "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." Norden Sys., Inc., 375 F.3d at 257

(citation omitted). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." S.New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir.2010) (citation omitted). There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case. See Ruzsa v. Rubinstein & Sendy Attys at Law, 520 F.3d 176 (2d Cir.2008) (finding it was unclear that lesser sanctions would have been effective in light of plaintiff's failure to respond to Court's notice threatening dismissal). In any event, since plaintiff is proceeding *in forma pauperis* and has indicated he has limited financial resources, a monetary sanction would serve little purpose. Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir.1995).

CONCLUSION

For the foregoing reasons, it is recommended that the complaint be dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 5, 2014